UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNY MARCOS OCHOA,

    Plaintiff,

    v.

COUNTY OF SAN MATEO, SAN MATEO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, IVONNE MADELEINE GIRON, and DOES 1–6,

    Defendants.

No. C 22-04910 WHA

**ORDER RE SUBJECT-MATTER JURISDICTION**

## INTRODUCTION

Plaintiff has responded to the order to show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine (Dkt. No. 19). For the reasons stated below, his response is unavailing, and this action is **DISMISSED**.

## STATEMENT

Plaintiff Johnny M. Ochoa filed this action asserting constitutional due process violations in state court proceedings which resulted in an adverse paternity finding. In sum, plaintiff submitted to genetic testing in a paternity dispute, the results of which did not exclude him as the father. The Superior Court of California, County of San Mateo found that paternity was established, and rejected plaintiff's challenges to that determination on four separate occasions

(Compl. 4–8). Plaintiff now sues in federal court claiming that the process afforded to him in state court violated the Federal Constitution, premised on the bases that plaintiff does not speak fluent English and that the state court proceedings did not explicitly address all of plaintiff's arguments. Our complaint requests as relief that the state court determinations be set aside, and that genetic testing be redone (Compl. 11–12).

Following the Initial Case Management Conference on March 16, 2023 — in which the County of San Mateo did not appear — plaintiff was ordered to show cause why this district court does not lack subject-matter jurisdiction under the *Rooker-Feldman* doctrine, and plaintiff provided a response. Defendants County of San Mateo and the San Mateo County Department of Child Support Services have since moved to dismiss plaintiff's claim. This order finds this action suitable for disposition on the papers upon plaintiff's response to the order to show cause, and that full briefing and a hearing regarding the pending motion to dismiss is unnecessary, pursuant to Civil Local Rule 7-1(b).

**ANALYSIS**

"The *Rooker-Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments." *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). This proscription does not apply to literal appeals only: "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Ibid.* (citing *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). In evaluating whether an action is a de facto appeal, "we must pay close attention to the *relief* sought by the federal-court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (citation omitted).

While the Supreme Court has admonished that the *Rooker-Feldman* doctrine be invoked sparingly, this action falls squarely within the textbook example of its proper application: "[C]ases brought by state-court losers complaining of injuries caused by state-court judgments

1  rendered before the district court proceedings commenced and inviting district court review
2  and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.
3  280, 284 (2005).  The injuries plaintiff complains of, and the source of all his sought damages,
4  are the adverse determinations of our state court.  Plaintiff asks this district court to consider
5  the same rejected arguments and relief he presented in state court.  This action is thus exactly
6  the category of forbidden de facto appeal where "the federal plaintiff may complain of a legal
7  injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case
8  in which the federal plaintiff was one of the litigants," as was the case in the doctrine's
9  namesake *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923).  *Noel*, 341 F.3d at 1163.

Plaintiff is correct in asserting that the *Rooker-Feldman* doctrine applies narrowly.  But because this action "fits within the narrow constraints of the Ninth Circuit's application of the *Rooker-Feldman* doctrine," plaintiff's cited cases cut against him.  *Carmona v. Carmona*, 603 F.3d 1041, 1051 (9th Cir. 2010).  Plaintiff cites the Eleventh Circuit's decision in *Behr v. Campbell* as an example of courts attempting to cabin any overreach of the *Rooker-Feldman* doctrine.  8 F.4th 1206 (11th Cir. 2021).  While not binding on this district court, *Behr* explains that the question is "whether resolution of each individual claim requires review and rejection of a state court judgment."  *Id.* at 1213.  As explained above, that is exactly what plaintiff's claim here requires.  In *Behr*, plaintiffs "d[id] not raise these constitutional claims to undo the state court's child custody decision; they want[ed] money damages for constitutional violations."  *Ibid.*  Indeed, the constitutional violations were not premised on the state court decisions themselves, but that various government entity defendants "conspired to deprive [plaintiff] of custody through state child custody proceedings."  *Id.* at 1209.  Additionally, the *Behr* plaintiffs' Fourth Amendment claim "appear[ed] to have no connection at all to an underlying state court judgment."  *Id.* at 1213.  Our plaintiff recognizes this distinction himself, as he "concedes his complaint attacks the state court judgment [and] acknowledges this court lacks jurisdiction [to] effect [sic] the judgment" (Resp. 9).  Plaintiff attempts to circumvent this problem by asserting, without further explanation, that "[a] direct attach [sic] of state court judgement is not necessary to adjudicate Plaintiff's claims for damages" (*Ibid.*).  But even if

3

plaintiff were to drop the requested relief of setting aside the state court judgment, his damages claim is still premised on the errors of both that state court judgment and the subsequent state court decisions reviewing that judgment. In the words of *Behr*, resolution of the lone claim in our complaint requires "review and rejection of a state court judgment" which "would be a violation of *Rooker-Feldman*." *Behr*, 8 F.4th at 1213.

Ultimately, "*Rooker-Feldman* . . . does not prioritize form over substance. It bars all appeals of state court judgments — whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Id.* at 1211. "It is immaterial that [plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions." *Bianchi*, 334 F.3d at 901. So too here.

## CONCLUSION

For the foregoing reasons, this action is hereby **DISMISSED** for lack of subject-matter jurisdiction **WITHOUT LEAVE TO AMEND THE COMPLAINT** as any such attempt would be futile. Defendants' motion to dismiss is thus **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: April 25, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4